Caldwell, C. J.
This is a bill of review from the county of Holmes. The plaintiff contends that error has intervened in a decree rendered by the common pleas of Holmes county, in a cause wherein he was complainant, and alleges errors of law, as well as errors of fact. The controversy arose between the parties in reference to a mill-dam erected by the complainant, Conner, which it was claimed damaged Drake, by causing the water to overflow his lands. Some time in 1839, Drake commenced an action against Conner for this injury, and recovered a judgment in the court of common pleas. The case was appealed to the supreme court, and whilst it was pending in that court, the parties agreed to compromise all difficulties. They entered into a written agreement, by which it was provided that Drake should dismiss his suit, that he should relinquish all claims against Conner, for future damages on his land, and that Conner should, on his part, pay to Drake, double the amount of all damage that had accrued, or might accrue to him, Drake, on account of the erection and continuance of said mill-dam. It was further agreed in said contract that these damages should be assessed by three arbitrators, two of whom should be chosen by the parties and the third selected by the two others thus chosen.
The suit in the supreme court was dismissed according to the terms of the agreement, but nothing further being done to complete the contract, the complainant in review, Conner, filed his bill for a specific performance of the contract. The *bill sets forth the contract and alleges that the complainant had appointed an arbitrator, but that Drake had neglected to make any appointment; states that Drake had commenced another suit for damages, on account of the mill-dam, and prays that the agreement of compromise be specifically performed, and that Drake be enjoined from proceeding further in his suit at law. Drake answered, admitting all,'or most of the material allegations of the bill. Arbitrators were chosen according to the terms of the contract. The court decreed a specific performance of the contract, and ordered that Daniel Leadbetter be appointed a special master to act in taking testimony before the arbitrators, who proceeded to hear the testimony. Two awards of the arbitrators were set aside as having been improperly obtained. The arbitrators returned a third award which found the damages to be $250. The complainant objected to this award, and moved the court to set it aside on the ground that it had been ob *145 tained by fraud. The court overruled this objection. The complainant then moved to dismiss his bill without prejudice, which motion the court also overruled, and then proceeded to decree a specific performance, by requiring Drake to execute to Conner a conveyance of the easement on the land, and requiring Conner to pay to Drake the amount of the award in accordance with the terms of the written contract.
The principal error assigned is, that the court have not jurisdiction to proceed to determine the amount of damages by arbitration under the superintendence of a master.
It is a well settled principle of equity jurisprudence, that a court of equity will not force the specific performance of an agreement, to refer any matter in controversy between adverse parties to arbitoators. Nor will they compel arbitrators to make an award. This doctrine is stated in 2 Story on Equity, 680. This principle was directly decided in the case of Mitchell v. Harris, 2 Ves. jr. 131, and in Street v. Rigby, 6 Ves. 817. The reason given for this rule is, that courts of chancery will not aid parties in ousting, by *their agreements the jurisdiction of the ordinary tribunals of the country established for the trial of causes. Nor will they permit parties, by agreement, to change their mode of proceeding. Now, if this bill had been filed simply for the purpose of enforcing an agreement to arbitrate, it would have been clearly erroneous for the court to have entertained jurisdiction. But this agreement was one for the conveyance of an interest in real estate, to decree the performance of which requires the aid of a court of chancery and comes within its peculiar province. Fixing the.amount to be paid as the consideration for the conveyance followed rather as a consequence of its enforcement. Now, although the proceeding of arbitrators under the direction of a master to ascertain damages is a novel one in a court of chancery, yet when, as in this case, the parties ai’e satisfied that the assessment should be made in this way, we do not think it can afterwards be assigned for error.
Although the complainant objected to the entering of the award, yet no objection, even then, was taken to the manner of assessing the damages; the objection taken was that it had been obtained by fraud.
The agreement of the parties could be substantially carried into effect without requiring the damages to be assessed by arbitrators;. that was only a means of arriving at a result which might, be *146 reached in another way. The court was not bound to adopt this mode of making the assessment, nor after the award had been made was the court bound to carry its finding into decree; the court could set it aside just as they could the report of a master or the verdict of a jury in an issue out of chancery. So with the parties, although they had agreed that this matter of controversy should be settled by arbitration- When they had submitted it to a court, neither party was bound to arbitrate; but either might claim, that the case should be tried and determined in the ordinary mode of judicial proceeding. The parties might, however, have agreed on the amount to be entered in the decree, and if the court had taken such amount and decreed on *it, no objection could have been taken. In this instance, the parties, whilst the case was in progress in court, having agreed that the damages should be fixed by three men, and upon the return of the award, having taken no exception to the mode of finding it, must be held to have waived all exceptions on that ground.
Under these circumstances it would at least be necessary that the party alleging error should be able to show that the amount thus found was not the true one; nothing of that kind is attempted.
But it is alleged for error that the court refused, on the coming in of the award, to permit the complainant to dismiss his bill. The propriety of permitting a complainant to dismiss his bill is a matter within the sound discretion of the court, which discretion is to be exercised with reference to the rights of both the parties, as well the defendant as the complainant. Añera defendant has been put to trouble and expense in making his defense, if, in the progress of the case rights have been manifested that he is entitled to claim, and which are valuable to him, it would be unjust to deprive him of them, merely because the complainant might come to the conclusion that it would be for his interests to dismiss his bill. Such a mode of proceeding would be trifling with the court as well as with the rights of defendants. We think the court did not err in this ruling.
It is also assigned for error that the court refused to set aside the award on the affidavit of George Liger, one of the arbitrators who stated in his affidavit that when he agreed to the award he supposed that the sum of $250 returned by him and the other arbitrators, was the full amount which the court would decree.
The written agreement of the parties was that the damages *147 should be doubled. Liger says that he considered the actual damage $100, but as a compromise he agreed to place it at $125, and that he supposed the return which they made of $250 was doubling • the amount of their finding. It is to be observed that he signed the award, placing the damages *at $250, the other two arbitrators still adhere, so far as we have evidence, to that finding which leaves the reasonable presumption in its favor.
If the court decreed the right amount we can not say they erred, although one of the arbitrators may think it incorrect. As we have not the evidence in the case we can not say that the decree of the court was for too large a sum.
The other errors assigned are predicated on newly-discovered evidence. Our statute relating to bills of review requires that a bill on the ground of newly-discovered evidence shall be filed on leave of court. No such leave has been granted in this case, and we can not therefore consider these assignments.
On an examination of the whole case we do not discover any error in the decree of the court of common pleas. The bill'of review will therefore be dismissed.
Bartley, J., dissented.

Bill dismissed.